IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALBERT GUZMAN, #42792-177,     § | |
| MOVANT,     § | |
| § | |
| v.     § | CIVIL CASE NO. 3:16-CV-2898-N-BK |
| § | (CRIMINAL CASE NO. 3:11-CR-013-N-1) |
| UNITED STATES OF AMERICA,     § | |
| RESPONDENT.     § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the undersigned United States magistrate judge for case management, including findings and a recommended disposition. As detailed here, Movant Albert Guzman's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence* should be **DENIED**.

I.  BACKGROUND

In 2012, following a bench trial, Guzman was convicted of possessing a firearm after conviction of a felony offense and sentenced under the Armed Career Criminal Act ("ACCA") to 200 months' imprisonment and a three-year term of supervised release. Crim. Doc. 60. Guzman appealed the Court's denial of his motion to suppress, and the United States Court of Appeals for the Fifth Circuit vacated his conviction and remanded for additional factual findings. After the Court again denied Guzman's motion to suppress, reinstated his conviction, and re-imposed the original sentence, and the Court of Appeals affirmed. *United States v. Guzman*, 614 F. App'x 745 (5th Cir. 2015) (per curiam). Guzman then unsuccessfully sought panel rehearing, asserting for the first time that his ACCA sentence was "erroneous and/or illegal based on the Supreme Court's decision in *Johnson v. United States*," which invalidated the residual clause of the

ACCA.  *United States v. Guzman*, 797 F.3d 346, 347 (5th Cir. 2015) (referencing *Johnson v. United States*" — U.S. —, 135 S. Ct. 2551 (2015)).[1]

Thereafter, Guzman, proceeding without the assistance of counsel, timely filed the instant Section 2255 motion, challenging under *Johnson* the use of his prior Texas convictions for burglary, aggravated assault, and evading arrest to enhance his federal sentence.  Doc. 2 at 16-24.  The Court granted him leave to address the applicability of the holding of *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc), *pet. for cert. filed*, Nos. 17-1445 and 17-1927 (2018), that, in the context of a direct appeal, Texas burglary convictions no longer qualify as violent felonies and, thus, cannot be used to enhance sentences under the ACCA.  Doc. 8.  The Court also denied the Government's request for a stay pending the resolution of the petition for writ of certiorari in *Herrold*.  Doc. 11.

The Government now argues that Guzman's claim, premised on *Herrold* and *Mathis v. United States,* — U.S. —, 136 S. Ct. 2243 (2016), is procedurally defaulted because Guzman did not raise it on appeal.  Doc. 14 at 11-12.  However, the Government also maintains (without explanation) that, absent procedural default, *Mathis/Herrold* requires vacatur of Guzman's ACCA sentence.  To preserve the issue for further review, the Government objects to the application of *Herrold* in this case and renews its request for a stay pending the final resolution in *Herrold*.  Doc. 14 at 7-8, 12-17.

---

[1] *Johnson* was made retroactive to cases on collateral review in *Welch v. United States*, — U.S. —, 136 S. Ct. 1257 (2016).

Guzman replies that, even if the *Mathis/Herrold* claim was not adequately raised, "the sentence imposed constitutes plain error" and, thus, he is entitled to relief. Doc. 15 at 1-2. [2]

After reviewing the record and the applicable law, the Court concludes that, even if Guzman has shown cause and prejudice to excuse his procedural default, he plainly fails to show *Johnson* error as to his prior Texas burglary and aggravated assault convictions and, consequently, his initial Section 2255 motion fails on the merits.

## II.    ANALYSIS

To bring a *Johnson* claim, Guzman must first establish that the sentencing Court relied on the residual clause in applying the ACCA enhancement. *Cf.* United States v. Wiese, 896 F.3d 720, 723 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1328 (2019) ("The dispositive question for jurisdictional purposes [in the context of a successive Section 2255 motion]. . . is whether the sentencing court relied on the residual clause in making its sentencing determination . . . ."); United States v. Craven, 755 F. App'x 388 (5th Cir. 2018) (relying on *Wiese* to find initial Section 2255 was timely because movant had shown that the sentencing court had relied on the residual clause). Every circuit to address the question in the context of an initial, timely Section 2255 motion has required a similar *Johnson*-error showing. *See* Garcia-Hernandez v. United States, 915 F.3d 558, 559-60 (8th Cir. 2019); *United States v. Driscoll* , 892 F.3d 1127, 1132 (10th Cir. 2018); *Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017); *United States v. Snyder*, 871 F.3d 1122, 1128-29 (10th Cir. 2017); *see also* Dimott v. United States, 881 F.3d

---

[2] The Government concedes that Guzman's two convictions for evading arrest cannot be considered violent felonies after *Johnson* because their classification as ACCA predicates was based entirely on the now-defunct residual clause. Doc. 14 at 6, n.3.

232, 240 (1st Cir. 2018) (requiring *Johnson* error in context of limitations analysis under 28 U.S.C. § 2255(f)(3)).

Thus, under the applicable standard, Guzman must "show that it is 'more likely than not' that the sentencing court relied on the residual clause" in imposing punishment under the ACCA. *United States v. Clay*, 921 F.3d 550, 553 (5th Cir. 2019). In determining the probability that the Court relied on the residual clause, it "may look to (1) the sentencing record for direct evidence of a sentence, and (2) the relevant background legal environment that existed at the time of [the defendant's] sentencing and the [presentence report] and other relevant materials before the district court." *Wiese*, 896 F.3d at 725 (internal quotations and quoted cases omitted).

But even if the sentencing Court erred in relying on the ACCA's residual clause—thus implicating *Johnson*—the Court may grant relief only if the *Johnson* error "had substantial and injurious effect or influence," when viewed in the context of current law, on the determination of Guzman's sentence. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht*'s harmless error standard to Section 2255 motion); *see also Garcia-Hernandez*, 915 F.3d at 560 (determining harmless error under current law at merits stage of initial *Johnson*-based Section 2255 motion); *Driscoll*, 892 F.3d at 1132 (same). Stated more succinctly: Guzman must show that he was prejudiced by the *Johnson* error—specifically that, under current law, he no longer has three convictions that qualify as violent felonies. Upon review, the Court concludes that he cannot make such showing.

**A. Texas Burglary of a Building**

As to Guzman's two prior Texas convictions for burglary of a building, he cannot demonstrate the requisite *Johnson* error. At his sentencing hearing in 2012, the Court did not explicitly state whether it relied on the ACCA's enumerated offenses clause or the residual

clause.  Crim. Doc. 70 (*Sentencing Tr.*).  However, since 2003, "all of [TEX. PENAL CODE] § 30.02(a) was considered generic burglary under the enumerated offenses clause of ACCA" and, thus, later decisions interpreting § 30.02(a)(3) as broader than generic burglary were of no effect. *Wiese*, 896 F.3d at 725-26 (citing *United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008) (per curiam); *Martinez v. State*, 269 S.W.3d 777 (Tex. App.—Austin 2008, no pet.)).  *See also United States v. Fuller*, 453 F.3d 274, 278 (5th Cir. 2006) (the same as to earlier decision holding burglary of building offense under Section 30.02 qualified as ACCA prior under enumerated offenses clause) (citing *United States v. Silva,* 957 F.2d 157, 162 (5th Cir. 1992));  *United States v. Conde-Castaneda*, 753 F.3d 172, 177-79 (5th Cir. 2014) (the same as to later decision confirming burglary offense under Sections 30.02(a)(1) and (a)(3) qualified as ACCA prior under enumerated offenses clause).

 Based on the legal landscape as it existed at the time of Guzman's sentencing—that burglary offenses under Sections 30.02(a)(1) <u>and</u> (a)(3) qualified as violent felonies under the ACCA's enumerated offenses clause—it is not at all likely that the Court instead looked to the ACCA's residual clause in evaluating Guzman's Texas burglary priors.  *See United States v. Castro,* 755 F. App'x 371, (5th Cir. 2018) (per curiam), *cert. denied*, 2019 WL 342760 (Mar. 18, 2019) ("it is hard to believe a sentencing court would have relied on the residual clause that [Fifth Circuit] caselaw had not directly held applied to Texas burglary [under Section 30.02(a)(1)], when it could have relied on the primary part of the definition that [the Fifth Circuit] had squarely held did apply").

 **B. Aggravated Assault with a Deadly Weapon**

 As for Guzman's Texas conviction for aggravated assault with a deadly weapon, he likewise fails to establish *Johnson* error.  Although the Court did not explicitly state whether it

relied on the ACCA's force or the residual clause in evaluating Guzman's prior Texas aggravated assault conviction, at the time of sentencing, aggravated assault with a deadly weapon under TEX. PENAL CODE § 22.02(a)(2) was already considered a crime of violence under the ACCA's force clause because it has as an element "the use, attempted use, or threatened use of physical force against the person of another." *See* 18 U.S.C. § 924(e)(2)(B)(i); Crim. Doc. 37 (*Sentencing Tr.*); *United States v. Martinez*, 962 F.2d 1161, 1168-69 (5th Cir. 1992) (holding Texas aggravated assault required "proof of the use or threat of physical force" and was therefore a violent felony under § 924(e)); *United States v. Shelton*, 325 F.3d 553, 557, 561 (5th Cir. 2003) (finding a predicate offense of misdemeanor assault, which required bodily injury, to require use of physical force).[3]  Consequently, there was nothing on the legal landscape at the time of sentencing that supports the conclusion that this Court's application of the ACCA as to Guzman's aggravated assault prior was based on anything other than the force clause. *See also Pryor v. United States*, No. CR-H-04-258, 2018 WL 7361007, at *5 (S.D. Tex. Oct. 31, 2018), *R. & R. adopted*, 2019 WL 699127 (S.D. Tex. Feb. 20, 2019) (holding that in 2005 aggravated assaults were viewed as crimes of violence under ACCA's force clause).

In any event, Guzman cannot demonstrate prejudice because his prior Texas aggravated assault conviction is still viewed as a crime of violence under the force clause. *See United States v. Gomez Gomez*, 917 F.3d 332, 334 (5th Cir. 2019) (relying on *Reyes-Contreras* to conclude that Texas aggravated assault was a crime of violence under the similar force clause of 18 U.S.C. § 16(a)).

---

[3] Aggravated assault does not fall within the enumerated offenses in Section 924(e)(2)(B)(ii) (a violent felony "is burglary, arson, or extortion, [or] involves use of explosives").

### III.   CONCLUSION

In sum, Guzman has not met his burden to establish that this Court "more likely than not" relied on the residual clause in sentencing him under the ACCA.  Consequently, he has not shown the requisite *Johnson* error and his initial Section 2255 motion fails on the merits.

For the foregoing reasons, Guzman's Section 2255 motion should be **DENIED** and this action should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on May 21, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).